THE PEOPLE *against* STURTEVANT.

*Contempt; violation of injunction by members of common council; jurisdiction of Superior Court of New York.*

THE relators, in December, 1852, as well on their own behalf as on the behalf of all other corporators and tax-payers of the city of New York who might be affected by the proceedings complained of, commenced an action before the Superior Court, against the mayor, aldermen and commonalty of said city. It was alleged by the plaintiffs in their complaint, that they were inhabitants of said city, and owners of real estate situated on Broadway, the principal street and thoroughfare therein. That the corporation had by law the powers of commissioners of highways, and authority to make repairs in the streets, but not to grant to any persons an exclusive privilege, or the right to erect permanent structures or obstructions therein. That a resolution authorizing a private company to construct and perpetually maintain a railroad in said street had been once passed by the boards of aldermen and assistant aldermen of said city, which resolution, after having been returned by the mayor with his objections, was about to be passed by said boards notwithstanding such objections. The plaintiffs alleged that the construction of the road would greatly injure them and other inhabitants of the city; that the right to construct it ought not to be granted, assigning a variety of reasons, and among them, that the road would be a public nuisance. They charged that the action of the boards was in bad faith, and prayed for an injunction to restrain the corporation from granting the right to construct such road, or to remove the pavement, or to do any other act preparatory thereto; and that such injunction might be made perpetual.

On filing the complaint an injunction was issued restraining the defendants, "their counsellors, attorneys, solicitors and agents, and all others acting in aid or assistance of them," as prayed in the complaint, until the further order of the court; and the defendants were required to show cause, at a time fixed, why the injunction should not be made perpetual.

The summons and complaint, with the affidavits and the injunction, were served upon the mayor, and the summons and injunction upon the persons composing the two boards. The defendant, Sturtevant, was a member of the board of aldermen. That board, disregarding the injunction, passed, by the requisite vote, including that of the defendant Sturtevant, the resolution which had been returned by the mayor, granting to certain persons the right to construct a railroad in Broadway, upon their filing with the clerk of the common council, an acceptance in writing of the resolution, and their agreement to conform thereto.

The defendant was brought before the Superior Court, at special term, on attachment, charged with contempt of the court in violating the injunction; and the foregoing facts appearing, he was adjudged guilty of the contempt, and a fine of $350 imposed upon him, together with imprisonment for fifteen days. This judgment was affirmed, on appeal, by the general term of the Superior Court, and also by the Court of Appeals, the latter court holding:

That the Superior Court had jurisdiction of the action commenced by the relators in that court, both as to parties and subject matter.

That that court had also jurisdiction to grant the injunction.

That this jurisdictional question did not involve the inquiry whether the case made by the complaint entitled the plaintiffs to any relief, but only whether the

Superior Court had power to decide the question whether it entitled them to relief or not.

That the injunction having been granted in a case in which the court had jurisdiction, it must, for all the purposes of this proceeding, be deemed a valid exercise of power, and entitled to obedience.

That the service of the complaint and copies of affidavits on which the injunction was issued, upon the mayor, was sufficient service, under section 220 of the Code of Procedure, without serving them upon the members of the common council.

That all the members of the common council, upon whom the injunction was served, were bound to observe it. That the effect of an injunction or decree restraining any act of a corporate body, and addressed in the ordinary form to it, its agents, &c., is to bind not only the intangible, artificial being, but also all the individuals who act for the corporation in the transaction of its business, to whose knowledge the injunction or decree may come.

That the passing of the resolution was a violation of the injunction by those who voted for it, whether the terms of the grant were accepted by the grantees or not, the resolution itself doing all that the common council could do on their part to make the grant effectual.

That the act was not one of municipal legislation, but in substance a grant upon condition, and that the effect of the injunction could not be avoided, by giving to an act, not legislative in its character, the form of an ordinance or resolution.

That even if this court should regard the act as one of legislation, the question whether it was so was proper for judicial decision; and the court below having passed upon it, its decision, if erroneous, was voidable merely, not void, and could not properly be disregarded.

Admitting, however, that the resolution possessed

some features of a legislative act, it was at least in part an executive act. It not only *authorized* the grant, but *made* it, and thus carried the authority into effect. So far as it was executive, it was a clear violation of the injunction, conceding that the legislative powers of the board could not be and were not arrested by the order of the court.

In the exercise of its conceded powers, it was the duty of the board to see that it did not go beyond them and do an act which had been lawfully forbidden.

(S. C., 9 N. Y. 263.)